# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4101

_____

| | | |
|---|---|---|
| Stephen Keith; Susan Keith, Individually and as parents and next friends of Gabriel Keith, Emmanuel Keith and Ezekiel Keith, minors, | * * * * * * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Jimmy Allen, Individually and as Superintendent of McNeil School District No. 37; James Berry, Individually and as former Superintendent of McNeil School District No. 37; Don Hamilton, Individually and as Principal of McNeil School; Donna Huffman, Individually; Leroy Gulley, Individually; Hurlen Cross, Individually and as Director of the McNeil School District No. 37; John Jackson, Individually and as Director of the McNeil School District No. 37; Kay Sharp, Individually and as Director of the McNeil School District No. 37; Bill Givens, Individually and as Director of the McNeil School District No. 37; Lee Smith, Individually and as Director of the McNeil School District No. 37, | * * * * * * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the Western District of Arkansas. [UNPUBLISHED] |

_____

Submitted:  September 17, 1998

Filed:  September 22, 1998
_____

Before WOLLMAN, HANSEN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Stephen and Susan Keith appeal the district court's[1] adverse grant of judgment as a matter of law in their disability discrimination suit and the district court's subsequent denial of their motion for attorney's fees.  For the reasons discussed below, we affirm the judgment of the district court.

The Keiths' son Ezekiel suffers from cerebral palsy, cannot speak, and uses a wheelchair.  In their April 1996 lawsuit, the Keiths contended that the McNeil School District failed to make its programs, services, and activities readily accessible to disabled individuals, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 and section 504 of the Rehabilitation Act of 1983, 29 U.S.C. §§ 701-796i.

We review de novo a grant of judgment as a matter of law.  See Sip-Top, Inc. v. Ekco Group, Inc., 86 F.3d 827, 830 (8th Cir. 1996) (standard of review).  Having reviewed the record, we agree that judgment as a matter of law was warranted on the ADA and Rehabilitation Act claims, as the Keiths did not present evidence from which

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

a jury could conclude that the McNeil School District denied Ezekiel access to or participation in school services, programs, or activities in bad faith or that its school officials exercised gross misjudgment. See 29 U.S.C. § 794(a) (Rehabilitation Act; prohibits excluding disabled individuals from services, programs, or activities of public entity); 42 U.S.C. § 12132 (ADA; same); Fed. R. Civ. P. 50(a) (standard for granting judgment as matter of law); Hoekstra v. Independent Sch. Dist. No. 283, 103 F.3d 624, 626-27 (8th Cir. 1996) (successful ADA claim in context of educational services requires showing of gross misjudgment or bad faith), cert. denied, 117 S. Ct. 1852 (1997); Monahan v. Nebraska, 687 F.2d 1164, 1171 (8th Cir. 1982) (bad faith or gross misjudgment standard applies to Rehabilitation Act claims), cert. denied, 460 U.S. 1012 (1983).

We also review de novo a district court's determination of whether a litigant is a prevailing party and thus entitled to attorney's fees. See St. Louis Fire Fighters Ass'n v. City of St. Louis, 96 F.3d 323, 330 (8th Cir. 1996). The Keiths argue that they are prevailing parties because their lawsuit prompted the school district to upgrade handicapped parking spaces and remodel bathrooms. Although this court recognizes the catalyst theory for awarding attorney's fees, see Little Rock Sch. Dist v. Pulaski County Special Sch. Dist., No. 1, 17 F.3d 260, 262 & n.1 (8th Cir. 1994), we agree with the district court that the Keiths did not present sufficient evidence to show that the school district undertook remedial measures in response to the Keiths' lawsuit, see Pottgen v. Missouri State High Sch. Activities Ass'n, 103 F.3d 720, 723 (8th Cir. 1997) (plaintiff's catalyst theory lacked merit because plaintiff did not show how his suit was catalyst for defendant's voluntary compliance).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.